**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| IRAN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-cv-685-SEB-VSS |
| ) | |
| SUPERINTENDENT, Pendleton ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Iran Brown ("Brown") seeks a writ of habeas corpus. His custodian, on behalf of the State of Indiana, has responded to the habeas petition and has appropriately expanded the record. Brown has not replied to the respondent's return to order to show cause.

Whereupon the court, having considered such petition, return, and record, and being duly advised, finds for the reasons explained in this Entry that Brown's petition for a writ of habeas corpus must be **denied.**

**I.**

**A.**

Brown was convicted in an Indiana state court of felony murder, of two counts of class A misdemeanor carrying a handgun without a license, and of one count of class A misdemeanor possession of marijuana. His conviction was affirmed on direct appeal in *Brown v. State,* No. 49A02-0210-CR-838 (Ind.Ct.App. September 23, 2003).

The facts and circumstances pertaining to Brown's offenses were summarized by the Indiana Court of Appeals in Brown's direct appeal.

On February 14, 2002, John Hankins helped Sarah Smith arrange a

drug deal between Jerome Jewel Kelly and Brown, a.k.a "Smurf." Hankins acted as a middleman, arranging meetings between drug dealers and drug buyers to maintain his own crack addiction. Smith, a crack addicted prostitute who was staying at Hankins's home, called Brown to arrange for Kelly, a man named Tony, and an unidentified third man to purchase four grams of crack cocaine from Hankins's Indianapolis residence. When Brown arrived, he, Hankins, Smith, Kelly, and Tony went upstairs.

Brown measured out the cocaine on a set of digital scales he had purchased; Tony sampled the cocaine, nodded his head, and went downstairs. Kelly had become skittish and questioned the quality of the cocaine that he too had sampled. Regardless, Kelly stated that Tony had his money, and he would have to go downstairs to get the money to pay. Upon arriving downstairs, Kelly discovered that Tony was gone. Kelly and Brown argued, a fight ensued, and both men started shooting at each other. Kelly later died of multiple gunshot wounds.

Brown was arrested on April 16, 2002. The arresting officer found marijuana in Brown's pocket and a gun on the floor of Brown's vehicle. Thereafter, Brown was charged with felony murder, two counts of carrying a handgun without a license, and possession of marijuana. At the bench trial that commenced on August 12, 2002, Smith's deposition was admitted into evidence in lieu of her testimony.

*Brown v. State,* No. 49A02-0210-CR-838, at pp. 2-3. Following completion of his direct appeal, Brown first filed and then withdrew a petition for post-conviction relief.

**B.**

Brown seeks federal habeas corpus relief based on the same claims which were presented in his direct appeal. Those claims are that the evidence was insufficient to support the trial court's finding and that the trial court improperly admitted Smith's deposition in lieu of testimony.

**II.**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court

precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 125 S. Ct. 1432, 1438-39 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

### III.

### A.

The first of Brown's claims is that there was not sufficient evidence to support the trial court's finding of guilt. Specifically, he argues here, as he did in his direct appeal, that there was insufficient evidence that the substance involved in the aborted transaction was actually cocaine. If the nature of the substance as cocaine was not sufficiently established, the evidence then would not support the underlying felony for the felony murder charge, namely, dealing in cocaine.

A challenge to the sufficiency of the evidence is analyzed in a federal habeas proceeding by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A federal habeas court is not entitled to reweigh the evidence under the guise of assessing its sufficiency. *Id.* at 319. On the contrary, a federal habeas corpus court must presume that the finder of fact resolved all reasonable inferences in the State's favor. *Id.* at 326; *Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987).

In this case, the Indiana Court of Appeals concluded that there was sufficient circumstantial evidence to support a reasonable inference that the substance was cocaine:

> Here, there is extensive circumstantial evidence that the substance Brown took to Hankins's residence was cocaine. Specifically, Hankins and Smith contacted Brown in his capacity as a drug dealer to sell four grams of crack cocaine to Kelly, Tony, and the unidentified man. Both Hankins and Smith, who are admitted drug addicts, testified that they saw Tony and Kelly ingest

3

> the substance, which they believed to be cocaine. Hankins also testified that Brown represented the substance as cocaine and weighed the drugs as if it were cocaine. A crack pipe, a razor blade and a plate–paraphernalia commonly used in cocaine dealing–were found at the place of the transaction. Finally, everyone present, including Brown, believed Brown was in Hankins's house attempting to deal cocaine.

*Brown v. State,* No. 49A02-0210-CR-838, at p. 4. Brown has not shown by clear and convincing evidence, nor by any evidence at all, that the facts on which the above statement is based are not correct. The findings of fact are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Brown under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations). Additionally, the Indiana Court of Appeals' evaluation of this claim provided both Brown and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. The determination by the Indiana Court of Appeals that the evidence was sufficient did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Brown is not entitled to relief as to his first claim.

**B.**

Brown's second claim is that the trial court erred in admitting Smith's testimony through her deposition. However, the evidence amply supported the trial court's finding that Smith was unavailable. This evidence was that despite extensive efforts by Indianapolis police to locate Smith, she could not be located to attend the trial. The trial court's conclusion was that the State had made a good faith effort to secure Smith's appearance at trial. Again, Brown has done nothing to show that the facts on which this conclusion was based were not reasonably supported by the evidence.

As to the subsequent admission of Smith's deposition, there was no error. In *Ohio v. Roberts,* 448 U.S. 56, 66 (1980), the Supreme Court articulated a test governing the admission of hearsay against a criminal defendant under the Confrontation Clause:

> [W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

The Court then held in *Idaho v. Wright,* 497 U.S. 805, 813 (1990), that even if certain statements do not fall within a "firmly rooted hearsay exception," they may still meet

4

reliability standards if they are supported by a showing of "particularized guarantees of trustworthiness." *Id.* at 816.

The Indiana Court of Appeals reasonably applied the rule of *Roberts*. It noted that Brown's challenge to the use of Smith's deposition was not directed to the "indicia of reliability" factor, but to the showing that she was unavailable. *Brown v. State,* No. 49A02-0210-CR-838, at p. 5, and then reviewed the measures taken and the problems confronted in locating Smith. The conclusion that Smith was unavailable was not an unreasonable application of the facts in this case or of *Roberts.*[1]

### IV.

This court has carefully reviewed the state record in light of Brown's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Brown to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/19/2006

                                               SARAH EVANS BARKER, JUDGE
                                               United States District Court
                                               Southern District of Indiana

---

[1] The change in *Roberts* brought about in *Crawford v. Washington,* 541 U.S. 36 (2004), does not apply retroactively. *Bintz v. Bertrand,* 403 F.3d 859, 867 (7th Cir. 2005). *Accord: Brown v. Uphoff,* 381 F.3d 1219, 1227 (10th Cir. 2004); *Mungo v. Duncan,* 393 F.3d 327, 336 (2d Cir. 2004); *Dorchy v. Jones,* 398 F.3d 783, 788 (6th Cir. 2005); *Murillo v. Frank,* 402 F.3d 786, 789-91 (7th Cir. 2005).